UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICHARD LONG, on behalf of
himself and those similarly situated,

CASE NO.:

Plaintiff,

vs.

BEVERAGE CONTROL, INC.
Defendant.
_____/

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RICHARD LONG ("Long" or "Plaintiff"), on behalf of himself and other non-exempt salary paid Service Technicians and other current and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendant, BEVERAGE CONROL INC. ("Company"), a Georgia Profit Corporation, ("Defendant"), and states as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself and other similarly situated current and former non-exempt employees of the Defendant, who elect to opt-in to this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for overtime

work for which they did not receive overtime premium pay, as required by law, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq; (iii) entitled to declaratory relief pursuant to 28 U.S.C. §2201 and (iv) entitled to an award of attorneys' fees and costs.

## JURISDICTION

2. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

3. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

4. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

5. Venue is proper in this Court because Defendant's principal place of business is within this District.

6. Further, the acts and omissions that form the basis of this lawsuit (i.e. Defendant's establishment and enforcement of its company-wide payroll policies) occurred within this District.

## PARTIES

7. At all times material hereto, Plaintiff was a resident of Snellville, Georgia.

8. Further at all times material hereto, Plaintiff was employed by Defendant as a non-exempt "Service Technician"[1] and performed related activities for Defendant in Gwinnette County, Georgia, among others.

9. At all times material hereto Defendant BEVERAGE CONTROL, INC. was, and continues to be, a Georgia Profit Corporation. Further, at all times material hereto, Defendant BEVERAGE CONTROL, INC. was, and continues to be, engaged in business in Georgia.

## COVERAGE

10. At all times material hereto, Plaintiff was Defendant's "employee" within the meaning of the FLSA.

11. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

12. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in commerce" within the meaning of the FLSA.

---

1 Here, Defendant uses the terms "Service Technician", "Installer", and "Warehouse Associate",

Further, at all times material hereto, Defendant was, and continues to be, engaged in business in Georgia, Alabama, and Florida.

14. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

15. At all times material hereto, the annual gross revenues of Defendant was in excess of $500,000.00 per annum.

16. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

17. At all times hereto, Plaintiff was "engaged in commerce" and subject to Individual coverage of the FLSA.

18. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

## STATEMENT OF FACTS

19. Defendant is a full service beverage company that installs and services beverage equipment, with service areas in Alabama, Georgia, and Florida.

---

interchangibly.

20. According to their website, Defendant is the "largest full service beverage company in the southeast United States."

21. Plaintiff was employed by Defendant as a non-exempt "Service Technician", "Warehouse Associate", and "Installer".

22. Plaintiff worked in this capacity from approximately 2003 to September 2011.

23. As a Service Technician, Plaintiff's primary duty was to service and repair beverage Dispensing equipment of Defendant's customers.

24. Plaintiff was paid a salary of $600/week.

25. On information and belief, Defendant misclassified Plaintiff, and others similarly situated, as exempt from the requirements of the FLSA.

26. However, Plaintiff did not meet the requirements of any exemption.

27. For example, Plaintiff did not supervise any employees.

28. As another example, Plaintiff's performance of his primary duty consisted of manual labor repairing and servicing equipment of Defendant's customers.

29. Defendant also deducted from Plaintiff's misclassified salary when he worked less than forty (40) hours in a given workweek.

30. Throughout his employment, Plaintiff worked in excess of forty

(40) hours per week but was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

31. Generally, Plaintiff did not take an uninterrupted hour for lunch Instead, Plaintiff ate while driving from job site to job site.

32. Nevertheless, Plaintiff was required to clock-out for one hour each day for lunch.

33. Plaintiff also was required to work night shifts for company. These night shift jobs were sometimes called "Volunteer Work." However, Plaintiff was not compensated at a rate of one and one-half times Plaintiff's regular rate of pay for this time.

34. Plaintiff, and those similarly situated to him, routinely worked in excess of forty (40) hours per week as part of their regular job duties.

35. Despite the fact that Plaintiff, and those similarly situated to him, worked more than forty (40) hours per week, Defendant failed to pay Plaintiff, and those similarly situated to him, overtime compensation at a rate of one and one-half times his regular rate of pay for hours worked over forty (40) in a workweek.

36. Throughout Plaintiff's employment, Defendant had a policy and practice of not recording the actual hours worked, and Plaintiff was subject to this policy.

37. Defendant failed to maintain accurate records of Plaintiff's actual hours worked.

38. Defendant failed to comply with the record-keeping requirements of the FLSA.

39. Defendant suffered or permitted Plaintiff to perform compensable work before and after his scheduled shift and during his lunch break, which resulted in Plaintiff working more than 40 hours per workweek.

40. Defendant failed to pay overtime wages to Plaintiff at the appropriate rate as required by the FLSA and its implementing regulations.

41. Defendant has violated Title 29 U.S.C. §207 in that:

   a. Plaintiff worked in excess of forty (40) hours per week for his period of employment with Defendant;

   b. No payments, or insufficient payments and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

   c. Defendant has failed to maintain proper time records as mandated by the FLSA.

42. Plaintiff has retained the law firm of MORGAN & MORGAN,

P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff and the class members were all non-exempt employees of Defendant and performed the same or similar job duties as one another. However, Defendant maintains multiple titles for this job, including, but not limited to, "Service Technicians," "Installers," and "Warehouse Associates."

44. All of these non-exempt individuals were and are paid in the same manner, on a salary basis.

45. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

46. Defendant's failure to compensate its "Service Technicians" and other employees employed in similar positions for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice applicable to all of Defendant's non-exempt "Service Technicians" and employees employed in similar positions nationwide.

47. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to

Plaintiff applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **All salaried "Service Technicians" and other individuals working for Defendant, nationwide, who worked for Defendant within the last three years, who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.**

48.  Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

49.  Defendant has previously been sued in <u>Harper v. Beverage Control, Inc.</u>, :11-cv-01815-SCJ (N.D. Ga. June 2, 2011) for unpaid wages under the FLSA for Defendant's failure to properly pay its service technicians as a result of Defendant misclassifying its non-exempt employees and compensating them on a salary basis without factoring in overtime.

50.  Defendant did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

51.  During the relevant period, Defendant violated the FLSA by employing employees in an enterprise engaged in commerce or in the

production of goods for commerce within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

52. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

53. Defendant has failed to maintain accurate records for Plaintiff and the class members' work hours in accordance with the law.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

54. Plaintiff realleges and reincorporates paragraphs 1 through 53 as if fully set forth herein.

55. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

56. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

57. To date, Defendant continues to fail to pay their "Service Technicians" and other similarly situated employees their FLSA mandated overtime pay, despite their recognition that their position is non-exempt and

entitled to same.

58. Defendant's actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by their continued failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

59. Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

60. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

61. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members respectfully request that this Court grant the following relief:

    a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant

    to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An injunction against the Defendant and its officers, agents, successors, employees, representatives and any and all persons in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award of unpaid wages and overtime compensation due under the FLSA;

e. An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay wages and overtime compensation pursuant to 29 U.S.C § 216;

f. An award of prejudgment and post judgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h. Such other and further relief as this Court deems just and proper.

## COUNT II - DECLARATORY RELIEF

62. Plaintiff readopts and reincorporates all allegations contained in paragraphs 1-61 above as though fully stated herein.

63. Plaintiff and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. §1331, as a federal question exists.

64. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201-2202.

65. Plaintiff may obtain declaratory relief.

66. Defendant employed Plaintiff.

67. Defendant is an enterprise covered by the FLSA.

68. Plaintiff was individually covered by the FLSA.

69. Defendant failed to pay Plaintiff for all hours worked.

70. Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. §207(a)(1).

71. Defendant did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

72. Defendant did not rely upon a good faith defense in its failure to

abide by the provisions of the FLSA.

73. Plaintiff is entitled to liquidated damages.

74. It is in the public interest to have these declarations of rights recorded.

75. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

76. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to this proceeding.

77. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests a declaration of rights finding that an employer-employee relationship existed, Plaintiff worked hours over forty (40) in a workweek without receiving correct overtime wages pursuant to the FLSA, Defendant failed to keep accurate time records, Defendant has a legal duty to pay Plaintiff overtime wages pursuant to the FLSA, Defendant failed to prove a good faith defense, Plaintiff is entitled to overtime wages, liquidated damages, and reasonable attorneys' fees pursuant to the FLSA.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated this 16th day of April, 2013.


Respectfully Submitted,


/s Scott Harrison_____
Scott J. Harrison
MORGAN & MORGAN, P.A.
191 Peachtree Street, 42nd Floor
Atlanta, GA 30303
(404) 965-8811
sharrison@forthepeople.com

**Mailing Address:**

P.O. Box 57007
Atlanta, GA 30343-1007