**FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| RICHARD LONG, on behalf of<br>himself and those similarly situated | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE: |
| v. | ) | 1:13-cv-01250-SCJ |
| | ) | |
| BEVERAGE CONTROL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

<u>**JOINT MOTION FOR ORDER APPROVING SETTLEMENT**</u>

**COME NOW** the Parties to the above-styled case and, based on their

reaching of a proposed settlement, hereby move this Court to approve said

settlement and dismiss this case with prejudice.   In support of this Motion, the

Parties show the Court as follows:

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION**</u>

**I.      STATEMENT OF THE CASE**

This is a cause of action arising under the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 201, <u>et</u> <u>seq.</u>  (<u>See</u> Compl. ¶ 1.)  The named Plaintiff,

Richard Long, alleges that he worked for Defendant Beverage Control, Inc.

(hereinafter, "Defendant") as a non-exempt "Service Technician," "Warehouse

Associate," and "Installer" from approximately 2003 through his termination on

September 23, 2011.  (See Compl. ¶¶ 21-22.)  Although Plaintiff held these job titles at varying times, he alleges that all three positions involved the same or similar job duties.  (See Compl. ¶ 43.)  Plaintiff further alleges that he routinely worked in excess of forty (40) hours per week, but that Defendant willfully failed to pay him overtime compensation at a rate of one and one-half times his regular rate of pay for hours worked over forty (40) in a particular workweek.  (See Compl. ¶ 35.)  Plaintiff also avers that Defendant treated all three of these categories of positions in the same manner, by allegedly misclassifying employees in such positions on a salary basis.  (See Compl. ¶ 44.)  As such, Plaintiff brought this action on a collective action basis, seeking to represent any and all "Service Technicians" (which he defines to include Defendant's "Service Technicians," "Installers," and "Warehouse Associates") who worked for Defendant within the three years preceding the filing of the Complaint and who worked in excess of forty (40) hours in one or more workweeks but were not paid overtime for such hours.  (See Compl. ¶ 47.)  Two former employees of Defendant, Richard Kadel and Kenneth A. Bertram, filed Notices of Consent to Join this action on April 18, 2013 and April 30, 2013, respectively.  (See Doc. 6, Doc. 8.)

Defendants deny liability to the named Plaintiff and the two opt-in Plaintiffs for any alleged violation of the FLSA.  Specifically, Defendant contends that the

named-Plaintiff only worked as an "Installer" during the relevant statute of limitations period, and that he was properly classified and paid as a non-exempt employee during such period.  (See Answer, Doc. 12, ¶ 21.)  Defendant further avers, among other defenses, that any actions taken with regard to Plaintiff and the collection of employees he purports to represent have been in conformance with all applicable laws, rules, and regulations, and that neither Plaintiff's rights nor the rights of the employees he purports to represent have otherwise been violated. (See Generally, Answer.)    Defendant also avers that Plaintiff is not similarly situated to the class of employees he seeks to represent, and that it maintained no policy or practice common to the class of employees at issue.  (See Generally, Answer.)  Defendant also alleges that the applicable statute of limitations bars some or all of the relief sought by Plaintiff and the two "opt-in" Plaintiffs.

Despite these opposing views, the Parties agree it is in their best interests to settle this case to avoid further cost and uncertainty.  Thus, the Parties have entered into a proposed Settlement Agreement and Full and Final Release of All Claims ("Settlement Agreement"), a copy of which is attached hereto as Exhibit "A."

The total sum of the settlement is Thirty Five Thousand and NO/100 Dollars ($35,000.00).  Of this amount, $20,211.40 will be paid to Plaintiff and the two

"opt-in" Plaintiffs for allegedly back wages, liquidated damages, and interest.  The

remaining $14,788.60 will be paid for all costs and attorneys' fees incurred.

## II.   ARGUMENT

This settlement is just and fair.  A claim under the FLSA may only be settled

by either the approval of the Secretary of Labor, or by judicial approval.  See

Lynn's Food Stores, Inc., v. United States, 679 F.2d 1350, 1352-53 (11th Cir.

1982).  As to the latter instance, the Eleventh Circuit has held as follows:

> Settlements are permissible in the context of a suit brought by
> employees under the FLSA for back wages because initiation of the
> action by the employees provides some assurance of an adversarial
> context.  The employees are likely to be represented by an attorney
> who can protect their rights under the statute.  Thus, when the parties
> submit a settlement to the court for approval, the settlement is more
> likely to reflect a reasonable compromise of disputed issues than a
> mere waiver of statutory rights brought by an employer's
> overreaching.  If a settlement in an employee FLSA suit does reflect a
> reasonable compromise over issues, such as FLSA coverage or
> computation of back wages that are actually in dispute, we allow the
> district court to approve the settlement in order to promote the policy
> of encouraging settlement of litigation.

Id. at 1354.  Following the decision in Lynn's Food Stores, this Circuit established

a six-factor test to be used when considering the settlement of FLSA claims:

> (1) the existence of fraud or collusion behind the settlement; (2) the
> complexity, expense, and likely duration of the litigation; (3) the stage
> of the proceedings and the amount of discovery completed; (4) the
> probability of the plaintiff's success on the merits; (5) the range of
> possible recovery; and (6) the opinions of counsel.

See Leverso v. Lieberman, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).  The Parties

submit that the settlement of this matter meets each of the factors set forth above.

*(1) The existence of fraud or collusion.*  The Settlement Agreement is not the

subject of fraud or collusion, but rather a genuine effort to avoid more time and

resources than the Parties agree is prudent to resolve the issues.  Counsel for both

Parties thoroughly examined Plaintiffs' wage and time records prior to engaging in

settlement negotiations and discussed the prospects of continuing to litigate this

matter with their respective clients before reaching the present agreement.

*(2) The complexity, expense, and likely duration of the litigation.*  The

Parties acknowledge that, as is the case with any wage and hour dispute, the

litigation is likely to be document-intensive and, because of Plaintiffs' claims that

they in fact worked more hours than shown in Defendant's records, would involve

numerous depositions of potential witnesses.  As such, all Parties would be

subjected to considerable expense in determining whether the Parties' respective

assertions are correct, and given the amount of potential recovery in this matter,

such costs are likely to exceed the amount of potential recovery.  As such, the

Parties believe that such expense is not worth the continuance of this case.

*(3) The stage of the proceedings and the amount of discovery completed.*

The named Plaintiff filed his Complaint in this matter on April 16, 2013, and the

two "opt-in" Plaintiffs filed Notices of Consent to Join on April 18, 2013 and April 30, 2013, respectively.  Defendant's Answer was filed on June 21, 2013 following an agreement to waive service.  Since such time, the Parties have served Initial Disclosures and written discovery requests, and engaged in informal discovery, including the production of wage and attendance records needed to evaluate Plaintiffs' claims and potential damages.  This action was filed after the parties had, in an effort to avoid litigation, had exchanged certain documentary information.  In light of their pre-suit investigation and post-suit discovery efforts, the Parties have an appropriate understanding of the facts and legal issues, as well as the positions of the respective Parties.  As such, the Parties believe that, under the circumstances, negotiations were called for and the fact that a settlement can be reached at this stage will save both parties considerable time, effort, and cost, as well as promote the purposes of Rule 1 of the Federal Rules of Civil Procedure.

   *(4) The probability of Plaintiffs' success on the merits*.  The determination of the relevant statute of limitations period, which is dependent upon proof by the Plaintiffs that Defendant's alleged violations of the FLSA were willful, will largely determine Plaintiffs' ability to succeed on the merits.  For example, Defendant's wage records indicate that – contrary to Plaintiff's allegations that they were not paid overtime for hours worked over forty (40) in particular workweeks – the

respective Plaintiffs in fact received overtime pay from Defendant on approximately eighty (80) occasions during the relevant time period.  In addition to the foregoing example of one of the contested factual assertions, the manner in which damages were to be calculated with respect to the Plaintiffs remained an issue of dispute between the parties, as hours of work and Plaintiff's classification status were contested.  As such, bona fide disputes as to the merits of the claims exist, and the Plaintiffs are far from assured of success on their claims.

*(5) The range of possible recovery*.  Prior to engaging in settlement negotiations, Defendants produced, and Plaintiffs carefully reviewed, their wage and attendance records.  Based on their review of such records, Plaintiffs submitted a demand seeking unpaid wages and liquidated damages under an analysis that assumes the following: (1) this case is subject to a three-year statute of limitations (which would only be true if the Court were to determine that Defendants committed a willful violation of the FLSA), entitling each Plaintiff to approximately 91 weeks' worth of unpaid wages and an equal amount of liquidated damages; (2) Plaintiffs worked, on average, fifty-five (55) hours per workweek, primarily consisting of alleged off-the-clock time; and (3) were never paid overtime during the relevant time period.  However, Defendant's records indicate that each Plaintiff received overtime pay on at least 22 occasions during the

- 7 -

relevant time period (e.g., Defendant's records indicate that the named-Plaintiff received overtime on 28 occasions between December 2009 and September 2011) and worked significantly less hours than claimed.  Defendant therefore believes that neither a three statute limitations period nor liquidated damages are appropriate, even if liability can be established, which Defendant disputes.  As such, the settlement amount to each Plaintiff is fair and reasonable in light of the range of possible recovery.

In addition, the amount of attorney's fees is also a reasonable compromise under the circumstances. The fee that Plaintiffs request is contractually agreed upon per Plaintiffs' Retainer Agreements, and is reasonable compared to fees awarded in other FLSA cases.  Given the length of negotiations, along with the pre-suit investigation and the time spent preparing discovery and the Complaint, the modest amount of attorney's fees is reasonable on its face.

*(6) The opinion of counsel*.  The undersigned counsel for the Parties agree that continuing to litigate this matter would not be an efficient use of the Court's time and resources, and would not be beneficial to the Parties.

## II.   CONCLUSION

WHEREFORE, the Parties respectfully request that this Court grant their Joint Motion for Order Approving Settlement, and dismiss the above-captioned

- 9 -

case with prejudice. The proposed settlement is fair and reasonable to the Plaintiffs

and does not otherwise impermissibly frustrate implementation of the FLSA.

Respectfully submitted, this 18th day of November, 2013.

| | |
|---|---|
| s/Michael N. Hanna | s/ John D. Bennett |
| Scott Harrison | Douglas H. Duerr |
| Georgia Bar No. 411237 | Georgia Bar No. 231772 |
| Michael N. Hanna (Pro Hac Vice) | John D. Bennett |
| Florida Bar No. 085035 | Georgia Bar No. 059212 |
| Morgan & Morgan, P.A. | ELARBEE, THOMPSON, SAPP & WILSON, LLP |
| 191 Peachtree Street, NE | |
| Ste. 4200 | 229 Peachtree Street, N.E. |
| Atlanta, GA 30303 | 800 International Tower |
| Telephone:  (404) 965-8811 | Atlanta, GA 30303 |
| Facsimile:   (404) 965-8812 | Telephone: (404) 659-6700 |
| E: sharrison@forthepeople.com | Facsimile: (404) 222-9718 |
| mhanna@forthepeople.com | E:  Duerr@elarbeethompson.com |
| | Bennett@elarbeethompson.com |
| Attorneys for Plaintiffs | |
| | Attorneys for Defendants |