IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICHARD LONG, on behalf of himself and those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>BEVERAGE CONTROL, INC.,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:13-CV-01250-SCJ |

### O R D E R

THIS MATTER is before the Court on the parties' Joint Motion for Approval of Settlement Agreement of litigation brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. [Doc. No. 24].

Plaintiff, Richard Long, brought this action on a collective action basis under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., seeking to represent any and all "Service Technicians" (which he defines to include Defendant's "Service Technicians," "Installers," and "Warehouse Associates") who worked for Defendant, Beverage Control, Inc., within the three years preceding the filing of the Complaint and who worked in excess of forty (40) hours in one or more workweeks but were not paid overtime for such hours. Doc. No. 24, p. 2. Two former employees of Defendant, Richard Kadel and Kenneth A. Bertram, filed Notices of Consent to

Join this action on April 18, 2013 and April 30, 2013, respectively. Id. Kadel and Bertram are referred to by the parties as "opt-in Plaintiffs." Id.[1]

The parties request that the Court review and approve the proposed Settlement Agreement.

The Court has reviewed the proposed Settlement Agreement and the factual statements in support of the joint motion for approval – which show a *bona fide* dispute and litigation risks.  The Court hereby finds as follows: (1) there is no evidence of fraud or collusion behind the parties' settlement of Plaintiffs' claims; and (2) based on the complexity, expense, and likely duration of the litigation, the stage of the proceedings and the amount of discovery completed, the probability of the Plaintiffs' success on the merits, the range of possible recovery, and the opinions of counsel, the parties' settlement is fair, just, and reasonable to the employees under the circumstances and furthers implementation of FLSA in the workplace.

The Court further finds that the attorneys' fees to be recovered are reasonable in terms of assurance of adequate compensation and the absence of a conflict of interest so as to taint the amount the employees/Plaintiffs will recover.

---

[1] Long, Kadel, and Bertram are collectively referred to as "Plaintiffs."

CONCLUSION

Accordingly, the Joint Motion for Approval of Settlement Agreement. [Doc. No. 24] is hereby **GRANTED**, and the Settlement Agreement and General Release [Doc. No. 24-1] is **APPROVED** and incorporated herein. Plaintiff's and opt-in Plaintiffs' claims against Defendants are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this __21st__ day of November, 2013.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE